UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRIETT A. AMES,<br>    16201 Dawn Chorus Lane<br>    Brandywine, MD  20613<br>        Plaintiff,<br><br>            v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>  SECURITY,<br>  Washington, DC  20528,<br><br>            and<br><br>U.S. DEPARTMENT OF DEFENSE,<br>  1000 Defense Pentagon<br>  Washington, D.C.  20301,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND FOR DAMAGES

1.    Harriett A. Ames brings this action against the
Department of Homeland Security and the Department of
Defense for declaratory and injunctive relief and for
damages for violations of the Privacy Act, 5 U.S.C. § 552a.

## PARTIES

2.    Plaintiff is a former employee of the Department of Homeland Security, which agency maintained certain records about her which were subject to the Privacy Act.

3.    Plaintiff is a former employee of the Department of Defense, which agency maintained and relied on certain records about her which were subject to the Privacy Act.

4.    Defendant Department of Homeland Security is an agency of the United States government.

5.    Defendant Department of Defense is an agency of the United States government.


## JURISDICTION AND VENUE

6.    This court has subject matter jurisdiction under 5 U.S.C. § 552a(g)(1) and 28 U.S.C. § 1332.

7.    Venue is proper in this court under 5 U.S.C. § 552a(g)(5).


## STATEMENT OF FACTS

8.    Ms. Ames worked for the Department of Homeland Security (DHS) from October 2008 through February 2012.

9. Ms. Ames worked for the National Geospatial-Intelligence Agency from February 28, 2012, through December 11, 2012.

10. The National Geospatial-Intelligence Agency is a component of the Department of Defense.

11. Ms. Ames was the subject of a report of investigation issued May 31, 2012, by the DHS Office of Inspector General.

12. The report concluded that Ms. Ames had mistakenly approved national security clearances for two employees, that she had provided false information to OIG investigators, and that she "may have provided false information or lacked candor when interviewed by an Office of Personnel Management (OPM) investigator . . ."

13. The OIG report is record within a systems of records maintained by DHS.

14. The officially-designated case title of the OIG report begins with "Harriett Ames (GS-14)."

15. In a September 12, 2012, letter to Ms. Ames's attorney, DHS admitted that the report is maintained in a Privacy Act system of records.

16. On September 12, 2012, Ms. Ames's request under the Privacy Act for a copy of the report was granted in part and denied in part. Specifically, DHS-OIG gave her

five pages without redaction and 72 pages with redactions, and withheld 115 pages in their entirety.

17.   The following statement appears at the bottom of every page of the report:

> This report remains the property of the Office of Inspector General, and no secondary distribution may be made, in whole or in part, outside the Department of Homeland Security, without prior authorizations by the Office of Inspector General.   Public availability of the report will be determined by the Office of Inspector General under 5 U.S.C. 552.   Unauthorized disclosure of this report may result in criminal, civil, or administrative penalties.

### COUNT I

18.   Ms. Ames incorporates paragraphs 1 through 17, above.

19.   At some time between June 2012 and December 2012, DHS informed NGA of the contents of the OIG report to NGA.

20.   DHS's provision of the information about the report to NGA was not done at the request of Ms. Ames.

21.   DHS's provision of the information about the report to NGA was not done with Ms. Ames's written consent.

22.   At some time between June 2012 and December 2012, DHS gave a copy of the OIG report to NGA.

23.   DHS's provision of the report to NGA was not done at the request of Ms. Ames.

24.   DHS's provision of the report to NGA was not done with Ms. Ames's written consent.

25.   DHS has not published any notice that a routine use of OIG reports is to injure the ability of a former employee to maintain employment in another agency.

26.   Injuring a person's employment with another agency is not a purpose compatible with the purpose for which the OIG report in this case was made.

27.   The head of Ms. Ames's agency at the time the report was provided it by DHS had not made a written request for the report and identifying a law enforcement activity for which the report was being sought.

28.   The agency employing Ms. Ames at the time the report or the information in it was provided by DHS had not requested the report from DHS.

29.   DHS's purpose in giving a copy of the report to NGA was to injure Ms. Ames's employment with NGA.

30.   As a result of receiving the copy of the report of investigation, NGA fired Ms. Ames.


COUNT II

31.   Ms. Ames incorporates paragraphs 1 through 30, above.

32.   In discharging Ms. Ames on the basis of the DHS-OIG report of investigation, DOD made no effort to obtain information directly from her regarding the allegations in the report.


RELIEF REQUESTED

WHEREFORE, plaintiff Hariett A. Ames requests judgment against the Department of Homeland Security and the Department of Defense, as follows:

A.   Declare that both DHS and DOD have violated Ms. Ames's rights under the Privacy Act;

B.   Enjoin DHS and DOD from further violations of Ms. Ames's rights under the Privacy Act;

C.   Award $3,000,000 in actual damages for lost of income, loss of reputation, and emotional distress.

D.   Order reinstatement of Ms. Ames to her former position in the Department of Defense.

E.   Award Ms. Ames reasonable attorney's fees and cost.

F.   Provide such other relief as the court may deem just and proper.


Trial by jury is demanded.

Respectfully submitted,

Phillip R. Kete
Attorney at Law
8183 Windward Key Dr.
Chesapeake Beach, MD   20732
(202) 587-5757